*1778 DissbntiNG Opinion.
Breaux, J.
No one denies, or at any rate no one should deny, to the town of Lafayette the right to hold a special election in eon - formity with the provisions of law, and to levy a special tax to be collected annually thereafter during a period of ten years, and to apply this tax in constructing an electric light plant and system, of waterworks for the seiviee and use of the municipality. The right to issue negotiable bonds gave rise to the only question which caused me to pause during the consideration given to the issues, presented. At a period in the history of this State not very remote, negotiable instruments for large amounts were issued by municipal corporations. Much of this paper in a short time became depreciated, and finally it was considered as mere waste paper — mere rubbish. The result was that a strong opposition manifested itself against the issue of such paper. It had become.a burden upon communities. The complaint was general. Public credit had been so badly managed that it had become a public calamity. It was more than a murmur. It was felt everywhere. To get out of the financial straits in which many communities were, amounts represented by this paper passed into bonds; other amounts were compromised and taken out of circulation; and there.were amounts entirely lost* although held by persons who had given therefor full valid consideration. In some cases they were the earnings of hard and honest-work, which should always be paid, but were not paid. A number of financial projects in this State in the remote past have resulted disastrously, because proper regard was not given to the rules which must be observed in order to maintain a responsible credit. I will not stop to particularize or to mention the cases. They are well known, and will suggest themselves, and only require a hasty review in order to convince the'zealous advocate of the use of public credit that it should only be used with great care and prudenc.e. I did not advert to the annoyances occasioned by worthless paper as directly applicable in considering the questions here involved. It is-well known that the abuse of public credit was very little felt, if at all, in the community in which it is proposed to issue these bonds, while it was considered a nuisance in other places not far distant. I firmly believe that these bonds will be paid. I have referred to certain public grievances of the past only to recall that the determination had become general to put an end to the issue of negoti *1779 able instruments by public corporations. There are limitations in the laws, as I read them, against such issue. There were precautions taken which should be controlling. I also think that public credit should respond to the wish and need of the community, but within the limits imposed by the State. It does not, as I understand, include the issuance of public negotiable instruments. The following decisions are in point, and support the proposition fully, I think, that corporations should not deliver negotiable bonds and notes: Brenham vs. Bank, 144 U. S. 173, 12 Sup. Ct. 559; Police Jury vs. Britton, 15 Wall. 566; Smith vs. Parish of Madison, 30 An. 461; Sterling vs. Parish of West Feliciana, 26 An. 59; Bertrand vs. Parish of Vermilion, 28 An. 588; Lods vs. Parish of Vermilion, Id 618; Mathé vs. Parish of Plaquemines, Id. 77; Dill. Mun. Bonds, 14.
I fully concur in the following, from the opinion originally handed down in this case by the Chief Justice: “The powers of political corporations in Louisiana under constitutional limitations are exceedingly restricted both as to their existence and extent, and as to the method of action of the corporations.” The means of payment must be provided for as a condition precedent to the contract. In fine, the power to borrow money on negotiable notes or bonds, in my judgment, was not one of the powers intended to be delegated when the limitations on corporations were inserted in the Constitution.
Nicholls, O. J., took no part in the second hearing and decree, being absent on account of illness.